UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-391 RLM |
| | ) | (Arising out of 3:07-CR-132 RLM) |
| ORLANDO WASHINGTON | ) | |

OPINION and ORDER

Orlando Washington has filed a motion to correct his sentence under 28 U.S.C. § 2255 based on his claim that the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015), established that he was improperly designated a career offender. Mr. Washington also requests that counsel be appointed to assist him in pursuing his claim.[1]

Mr. Washington's sentence was imposed in April 2008, but because this is his first petition and he filed the petition in reliance on § 2255(f)(3) within one year of the Johnson decision, the petition is timely. A review of his case, however, shows that Mr. Washington isn't entitled to the relief he seeks.

The residual clause of the Armed Career Criminal Act found to be unconstitutional by the Johnson Court, *i.e.*, defining a "violent felony" as a crime

---

[1] The record shows that in August 2015, in light of the Johnson decision, an attorney from the Northern District of Indiana Federal Community Defender's Office appeared on behalf of Mr. Washington based on his having been sentenced as a career offender. Counsel withdrew in March 2016 after concluding that the two convictions that served as the basis for Mr. Washington's career offender designation didn't fall within the residual clause and were not affected by Johnson v. United States, so Mr. Washington wasn't entitled to be resentenced as a result of that decision. *See* Cause No. 3:07-CR-132, docket # 40 [Mot. to Withdraw] and docket # 41 [Ord. granting Mot to Withdraw].

that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), is inapplicable to Mr. Washington's case. Mr. Washington's two prior felony convictions – a 1996 conviction for aggravated battery, in violation of Indiana Code § 35-42-2-1.5,[2] and a 1999 conviction for commission of a violent felony in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3)[3] – don't fall within the residual clause language addressed in Johnson. Therefore, Mr. Washington's status as a career offender remains unchanged, and his sentence is not affected by Johnson.

The court DENIES Mr. Washington's petition under 28 U.S.C. § 2255 [docket # 43] and DENIES his motion for appointment of counsel [docket # 44].

SO ORDERED.

ENTERED:  June 28, 2016

/s/ Robert L. Miller, Jr.
Judge, United States District Court
Northern District of Indiana

---

[2] Under Indiana Code § 35-42-2-1.5, "[a] person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes (1) serious permanent disfigurement; (2) protracted loss or impairment of the function of a bodily member or organ; or (3) the loss of a fetus, commits aggravated battery, a Class B felony."

[3] 18 U.S.C. § 1959(a)(3) provides that any person "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious modify injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished – for assault with a deadly weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both."